```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


EMILY WAGNER
                                          CIVIL ACTION
VERSUS
                                          NUMBER 07-604-RET-SCR
BELLSOUTH   TELECOMMUNICATIONS,
INC., ET AL
```

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 9, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY WAGNER

VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC., ET AL

CIVIL ACTION

NUMBER 07-604-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Dismiss pursuant to Rule 12(b)(6) filed by defendant Credit Bureau Collection Service, Inc. (CBCS). Record document number 14. The motion is unopposed.

Defendant Credit Bureau Collection Service, Inc. (CBCS) moved to dismiss the claims alleged by the plaintiff under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. Specifically, CBCS moved to dismiss the plaintiff's claim that CBCS violated § 1692g(b) of the FDCPA by failing to properly validate the debt it was trying to collect, and violated § 1692e(2)(A) by inaccurately reporting the delinquency date of the debt to a consumer reporting agency. CBCS also moved to dismiss the plaintiff's claim under § 1681c(c)(1) and § 1681s-2(a) of the FCRA.

**Motion to Dismiss Standard**

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the well-pleaded

2

factual allegations in the complaint.  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Id*., citing, *Bell Atl. Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1964-65 (2007).

## Analysis

**FDCPA Claim under Section 1692g(b)**

CBCS argued that the plaintiff's claim that it failed to properly provide verification of the debt under § 1692g(b) is time-barred under the FDCPA's one year statute of limitations.

A review of paragraphs 41 and 42 of the plaintiff's complaint establishes that CBCS is entitled to dismissal of this claim under § 1692k(d).

Section 1692k(d) of the FDCPA states that "an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy,...within one year from the date on which the violation occurs."  *Deaville v. Capital One Bank*  425 F.Supp.2d 744, 751 (W.D. La. 2006).  Thus, FDCPA actions must be brought within one year of the date on which the alleged statutory

3

violation occurred.  15 U .S.C. § 1692k(d); *Kiefer v. Harris*, 125 F.3d 852 (5th Cir. 1997).

Paragraphs 41 and 42 of the complaint show that the plaintiff alleged that CBCS's actions in violation of § 1692g(b) occurred on June 6, 2006, when the plaintiff received from CBCS a stack of the monthly invoices the plaintiff had previously received from BellSouth.  Thus, it is clear from these allegations that the alleged violation of § 1692g(b) by CBCS was June 6, 2006.  It is undisputed that the plaintiff filed this action on August 21, 2007, which is well over two months past the one year period provided for in the statute.  Because on the face of the complaint this claim is prescribed, CBCS's motion to dismiss the plaintiff's alleged violation of § 1692g(b) should be granted.[1]

**FDCPA Claim under Section 1692e(2)(A)**

CBCS argued that the allegations contained in paragraphs 19, 27 and 38 of the plaintiff's complaint, demonstrate that the plaintiff cannot maintain a claim under § 1692e(2)(A) that CBCS incorrectly reported the delinquency date of the debt.  A review of the complaint as a whole shows that it contains sufficient facts to state a claim under § 1692e(2)(A).

This portion of the FDCPA generally prohibits a debt collector

---

[1] Since the claim time barred, it is unnecessary to address CBCS's alternative argument that the claim should be dismissed because the allegations show that CBCS properly validated the debt.

4

from using any false, deceptive or misleading representation or means in connection with the collection of any debt.  Section 1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

CBCS argued that because the plaintiff alleged in paragraph 19 that she continued to receive bills related to the debt until January 8, 2004 and the alleged Equifax report of September 16, 2006 showed a delinquent date of January 2004, there is no way that the plaintiff can prove that CBCS did not accurately report the delinquency date of the account as being on or before December 2003.

Accepting the plaintiff's allegations as true, the fact that the plaintiff continued to receive bills from BellSouth until January 8, 2004 does not necessarily mean that the plaintiff cannot develop facts which show that the account was delinquent at an earlier date, and therefore the debt should have been reported as delinquent was some time on or before December of 2003.  CBCS failed to explain how the plaintiff's allegations establish that the plaintiff has no right to relief under § 1692e(2)(A) for falsely representing the character of the debt.

**FCRA Claims**

Plaintiff alleged in paragraph 43 that CBCS reported two different delinquency dates to credit bureaus for the same account in violation of § 1681c(c)(1) of the FCRA.  CBCS asserted that

5

these allegations do not state a claim under §1681c(c)(1) because the plaintiff did not allege that it is a consumer reporting agency within the meaning of the FCRA, and § 1681c(c)(1) does not prohibit the reporting of different delinquency dates to credit bureaus. CBCS also asserted that to the extent the plaintiff alleged in paragraph 43 that it furnished false information in violation of § 1681s-2(a), such a violation can only be enforced by the federal agencies and state officials specified in § 1681s.

Section 1681c imposes certain reporting requirements and restrictions on consumer reporting agencies which provide consumer reports.  The FCRA defines a "consumer reporting agency" as follows:

> The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f); *Morris v. Equifax Information Services, LLC*, 457 F.3d 460, 470 (5th Cir. 2006).

It is apparent from paragraphs 8, 25, 27, and 33 of the complaint that the plaintiff specifically alleged that CBCS is a debt collector.  The complaint does not contain any statements that CBCS is a consumer reporting agency, or any facts alleging that CBCS regularly engages, in whole or in part, in the practice of

assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

To the extent the plaintiff's allegations can be interpreted as asserting a FCRA claim against CBCS under §1681s-2(a), § 1681s-2(d) plainly limits the enforcement of violations of § 1681s-2(a) to "the Federal agencies and officials and the State officials identified in [§ 1681s]."[2]  Because the plaintiff is a private party, no relief is available to her under § 1681s.

Thus, the plaintiff's complaint fails to state a claim against CBCS under § 1681c(c)(1) and § 1681s-2(a) of the Fair Credit Reporting Act.

## **Recommendation**

It is the recommendation of the magistrate judge that the

---

[2]  [T]he FCRA limits enforcement of subsection (a) of 1681s-2, which governs supplying accurate information, exclusively to certain federal and state officers. *See* 15 U.S.C. § 1681s-2(d); *see also Cisneros v. Trans Union, LLC*, 293 F.Supp.2d 1167, 1174 (D. Hawai'i 2003) ("Plaintiff cannot maintain a claim under § 1681s-2(a), for failing to provide accurate information, as this lies within the province of the federal and state agencies to pursue."); *see also Bacon v. Southwest Airlines, Co.*, 1999 WL 134569, at *3 (N.D. Tex.1999) (dismissing Plaintiff's cause of action under 15 U.S.C. § 1681s-2(a) because "only governmental officials are entitled to enforce this subsection of the FCRA").

*Devoll v. Fleet Bank*, 2007 WL 1889227, *2 (W.D. Tex. May 1, 2007).

Motion to Dismiss pursuant to Rule 12(b)(6) filed by defendant Credit Bureau Collection Service, Inc. be granted in part, dismissing the plaintiff's claims against defendant CBCS under 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act, and 15 U.S.C. §§ 1681c(c)(1) and 1681s-2(a) of the Fair Credit Reporting Act.

It is further recommended that defendant CBCS's motion to dismiss the plaintiff's claim alleged under 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act be denied.

Baton Rouge, Louisiana, January 9, 2008.

                                  *Stephen C. Riedlinger*
                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE