UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY WAGNER

CIVIL ACTION

VERSUS

NUMBER 07-604-RET-SCR

BELLSOUTH TELECOMMUNICATIONS, INC., ET AL.

**RULING ON MOTION TO DETERMINE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSIONS**

Before the court is a Motion to Determine the Sufficiency of an Answer or Objection and Motion for Sanctions filed by plaintiff Emily Wagner.  Record document number 79.  The motion is opposed.[1]

Plaintiff moved, pursuant to Rule 36(a)(6), Fed.R.Civ.P., for a determination of the sufficiency of the answers and objections to four requests for admission served by defendant BellSouth Telecommunications, Inc.  According to BellSouth's opposition memorandum, the responses to only two requests are still at issue - Request for Admission numbers 10 and 11.[2]

Request for Admission No. 10 states as follows:

> EATEL Corp, Inc. did not instruct BELLSOUTH to retain telephone number 225 346-0804 as basis for a new BELLSOUTH account with WAGNER.

BellSouth responded as follows:

> BellSouth objects to this request because it is vague.

---

[1] Record document number 89.

[2] Record document number 89, opposition memorandum, p. 1.  The two other requests for admission were Nos. 18 and 19.

BellSouth also states it cannot truthfully admit or deny this request because it is based on the vague and undefined premise that BellSouth received instructions from Eatel.  The request does not define or explain what type of instruction to which it refers or the time frame to which it refers.  In addition, the request includes the phrases "to retain" and "as a basis for a new BellSouth account," without defining or explaining the phrases or providing any context from which BellSouth can determine what factual admissions are sought by plaintiff.

Plaintiff explained that "[t]he dispute underlying this claim revolves around BELLSOUTH's initiation of a brand new account without authorization from the plaintiff or anyone else."[3] This request for admission seeks confirmation that Eatel did not instruct BellSouth to "retain" a specific telephone number "as basis for a new" BellSouth account with the plaintiff.

BellSouth's arguments are unpersuasive.[4]  Request for Admission No. 10 does not suggest or imply that BellSouth needed instructions or directions of any sort from Eatel to take any action or to do anything related to the plaintiff.  Nor does the request imply that BellSouth created a new account for the plaintiff or did anything else related to the plaintiff.  The request simply asked for confirmation of just what is stated in the request.  Bellsouth's response and objection essentially attempt to manufacture ambiguity where none exists.  Whether the plaintiff may argue that BellSouth needed instructions from Eatel regarding a

---

[3] Record document number 79, supporting memorandum, p. 2.

[4] Record document number 89, opposition memorandum, pp. 6-7.

telephone line is no basis for an objection to the request. Consequently, the court finds that request No. 10 is admitted.

Request for Admission No. 11 is essentially the same as No. 10, except that the request seeks an admission regarding the plaintiff. Request for Admission No. 11 states as follows:

> WAGNER did not instruct BELLSOUTH to retain telephone number 225 346-0804 as basis for a new BELLSOUTH account with WAGNER.

Defendant's response to No. 11 is essentially the same as its response to No. 10:

> BellSouth objects to this request because it is vague. BellSouth also states it cannot truthfully admit or deny this request because it is based on the vague and undefined premise that BellSouth received instructions from Plaintiff. The request does not define or explain what type of instruction to which it refers or the time frame to which it refers. In addition, the request includes the phrases "to retain" and "as a basis for a new BellSouth account," without defining or explaining the phrases or providing any context from which BellSouth can determine what factual admissions are sought by plaintiff.

BellSouth later served an amended response to No. 11:

> BellSouth objects to this request because it is vague. It is not clear what the plaintiff is asking BellSouth to admit, because the request appears to based on incorrect assumptions about how, when, and why BellSouth creates "accounts" in connection with providing telephone service to a customer. BellSouth therefore cannot safely admit or deny this request for admission.

Essentially for the same reasons that the defendant's objection to request No. 10 is rejected, its objection to request No. 11 is also rejected. Also, request No. 11 is not premised on

any stated assumption.  Defendant's belief that the plaintiff has made an incorrect assumption about how it creates customer accounts is not a valid basis to object to request No. 11.  Consequently, the court finds that request No. 11 is also admitted.

Rule 37(a)(5), Fed.R.Civ.P., applies to an award of expenses incurred in connection with a motion brought pursuant to Rule 36(a)(6).  However, the plaintiff is proceeding pro se and so did not incur attorney's fees.  Her motion was served via email through the court's electronic case filing system, so she did not incur any mailing costs to serve her motion.  Both the plaintiff and counsel for BellSouth are located in Baton Rouge, so she would not have incurred any long distance telephone charges to confer with defense counsel in an effort to resolve this dispute.  It is not apparent from the record that there is any other kind of expense the plaintiff would have incurred in connection with this motion.  Plaintiff's request for sanctions is denied.

Accordingly, the Motion to Determine the Sufficiency of an Answer or Objection and Motion for Sanctions filed by plaintiff Emily Wagner is granted as to Request for Admission No. 10 and No. 11.  Both of these requests are deemed admitted.  Plaintiff's motion is denied as moot as to Request for Admission No. 18 and No. 19.  Plaintiff's request for sanctions, including an award of expenses, is denied.

Baton Rouge, Louisiana, August 8, 2008.

                STEPHEN C. RIEDLINGER
                UNITED STATES MAGISTRATE JUDGE