UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY WAGNER

VERSUS

BELLSOUTH TELECOMMUNICATION, INC., ET AL

CIVIL ACTION

NUMBER 07-604-RET-SCR

**RULING ON MOTION TO EXTEND TIME TO RESPOND
TO MOTION FOR SUMMARY JUDGMENT
and
RULING ON MOTION FOR DEPOSITIONS AND CONTINUANCE**

Before the court are the Plaintiff's Motion to Extend the Time Limit to Respond to Equifax's Motion for Summary Judgment and the Plaintiff's Motion for Depositions and Continuance Pursuant to Rule 56(f). Record document numbers 146 and 149, respectively. The motion for depositions and a continuance is opposed.[1]

Pursuant to Rule 56(f), Fed.R.Civ.P., the plaintiff seeks a continuance of the hearing on Defendant Equifax Information Services LLC's Motion for Summary Judgment. Plaintiff supported her motion with her affidavit and documents filed under seal.[2] Plaintiff and defendant Equifax have adequately addressed the applicable law in their respective memoranda. The court has also considered the grounds on which defendant Equifax seeks summary judgment, as well as the discovery history of this case.

It seems unlikely that the plaintiff could have conducted a

---

[1] Record document number 161. Plaintiff filed a response. Record document number 170.

[2] Record document number 172, sealed documents.

meaningful deposition of Alicia Fluellen, or any other Equifax employee with knowledge of relevant facts, within the time for completing fact discovery.  It is likely that had she attempted to do so, defendant Equifax would have objected on the ground that the plaintiff was seeking confidential commercial information which it would not disclose absent a protective order.

Defendant Equifax opposes the deposition of Annette Simpson on the ground that it did not disclose her as an individual who may have discoverable information.  However, the Federal Rules of Civil Procedure do not bar a party from deposing a person who has not been disclosed by an opposing party as an individual who may have discoverable information.  Defendant Equifax does not contend that Simpson does not have the technical knowledge which the plaintiff claims she has.  Rather defendant Equifax contends that Simpson "has absolutely no knowledge regarding the facts of this case." Considering that the defendant's computer system apparently is able to note the original account number (the trade line account number) as well as the collection agency account number for some kinds of debts, whether it could have been programmed to do so as to the type of accounts at issue in this case would seem to fall within the range of information Simpson would have.

In the circumstance of this case, the record supports finding that the plaintiff did not fail to diligently pursue the discovery she now seeks, and that the discovery she seeks will assist in creating a genuine issue of material fact.

Accordingly, Plaintiff's Motion to Extend the Time Limit to Respond to Equifax's Motion for Summary Judgment and the Plaintiff's Motion for Depositions and Continuance Pursuant to Rule 56(f) are granted.

Plaintiff is allowed 60 days to schedule, notice and depose Alicia Fluellen and Annette Simpson.  The depositions may be taken by telephone.  If the plaintiff desires to depose either of them in person, the deposition shall be taken at the deponent's primary work location, unless the parties agree in writing to a different location.  If defendant Equifax desires to depose either of them in person, the deposition shall be taken at the office of a court reporter in Baton Rouge, Louisiana, unless the parties agree in writing to a different location.  The time period for taking these depositions may be extended upon a showing that either person cannot be deposed within that time notwithstanding the plaintiff's reasonable efforts to do so.

Plaintiff's opposition to defendant Equifax's motion for summary judgment shall be filed within 30 days after the transcripts of both depositions have been made available to the plaintiff.  The parties shall advise the court promptly of the date the transcripts are made available.

Baton Rouge, Louisiana, July 10, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE