UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY WAGNER

VERSUS

BELLSOUTH TELECOMMUNICATION,
INC., ET AL

CIVIL ACTION

NUMBER 07-604-RET-SCR

**RULING ON MOTION FOR DEPOSITIONS AND CONTINUANCE**

    Before the court is the Plaintiff's Motion for Depositions and Continuance Pursuant to Rule 56(f).  Record document number 185.  The motion is opposed.[1]

    Pursuant to Rule 56(f), Fed.R.Civ.P., the plaintiff seeks a continuance of the hearing on Defendant Franklin Collection Service, Inc.'s Motion for Summary Judgment.  This motion was prompted by documents produced after the hearing held June 25, 2009.[2]  Plaintiff seeks depose Franklin employee Reggie Smith.  Plaintiff supported her motion with her affidavit and documents filed under seal.[3]  The court has also considered the arguments made by Franklin in it's summary judgment motion to assess whether the sought-after discovery is relevant to those issues.

    Plaintiff argued that particular notations on the two documents produced by Franklin may mean that Franklin reported her BellSouth account to collection agencies after BellSouth withdrew

---

[1] Record document number 192.

[2] Record document number 173.

[3] Record document number 190, sealed documents.

the account from Franklin.  Plaintiff also argued that the "ERROR" notations could support her argument that Franklin's procedures are so poor that it cannot succeed on it's bona fide error defense.

The court has reviewed these notations and finds that their meaning is not self-evident.  Franklin did not address the plaintiff's arguments in its opposition memorandum nor offer, or seek to offer, any explanation or interpretation of the meaning of these notations.  Consequently, the court finds that the plaintiff's interpretation is reasonable enough to satisfy Rule 56(f).

Accordingly, Plaintiff's Motion for Depositions and Continuance Pursuant to Rule 56(f) is granted.

Plaintiff is allowed 30 days to schedule, notice and depose Reggie Smith.  The deposition may be taken by telephone.  If the plaintiff desires an in-person deposition, the deposition shall be taken at Smith's primary work location, unless the parties agree in writing to a different location.  If defendant Franklin desires an in-person deposition, the deposition shall be taken at the office of a court reporter in Baton Rouge, Louisiana, unless the parties agree in writing to a different location.  The time period for taking these depositions may be extended upon a showing that Smith cannot be deposed within that time notwithstanding the plaintiff's reasonable efforts to do so.

Plaintiff shall have 15 days after the transcripts of Smith's deposition has been made available to the plaintiff to file a

second supplemental opposition to Franklin Collection Service, Inc.'s Motion for Summary Judgment.  The previously-set deadline for Franklin to file a reply memorandum[4] is vacated.  Franklin shall have 15 days after the expiration of the time for the plaintiff to file her second supplemental opposition to file any reply memorandum.  The parties shall advise the court promptly of the date the transcript is made available.

   Baton Rouge, Louisiana, July 29, 2009.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 173.