UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY WAGNER

CIVIL ACTION

VERSUS

NUMBER 07-604-RET-SCR

BELLSOUTH TELECOMMUNICATIONS, INC., ET AL

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 30, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY WAGNER

VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC., ET AL

CIVIL ACTION

NUMBER 07-604-RET-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is Franklin Collection Service, Inc.'s Motion for Summary Judgment. Record document number 143. The motion is opposed.[1]

## Background

Plaintiff filed this action seeking damages resulting from a billing dispute with BellSouth Telecommunications, Inc. (hereafter, BellSouth). Plaintiff alleged that she received telephone services from BellSouth starting in 1992 and obtained a 1-800 line from BellSouth in 1996. Plaintiff alleged that in August 2003, her husband called BellSouth to cancel all her BellSouth phone services. But rather than cancelling her services as requested, BellSouth allegedly changed her pre-existing 1-800 line into the "Z account" and also created a second account, the "3409 account,"

---

[1] Record document numbers 163. Defendant filed a reply. Record document number 205.

1

from one of her other two other phone lines.[2]

Plaintiff alleged that BellSouth continued to bill her for the unauthorized phone services until July 2005.  Plaintiff did not pay these bills, and BellSouth subsequently referred the accounts to collection agencies beginning in February 2004.  Plaintiff alleged she was denied credit in May 2005, November 2005, and April 2006.  Plaintiff discovered that the unpaid BellSouth accounts had been reported to multiple credit reporting agencies and was listed as adverse notations on her credit reports.

BellSouth allegedly assigned two of the plaintiff's outstanding accounts to defendant Franklin Collection Service, Inc. (hereafter, Franklin).[3]  Plaintiff alleged she sent a letter to Franklin disputing the debt(s) and requested verification of the debt(s) as prescribed in 15 U.S.C. § 1692g(b).  Plaintiff alleged that Franklin did not provide the requested debt verification information and sent two additional collection notices after receiving her dispute letter.[4]  Plaintiff alleged that Franklin

---

[2] The 3409 account derives its name from the full account number: 225 346-0804 078 3409.  The phone number associated with this account, (225) 346-0408, was originally one of the two phone numbers which were billed under account number 225 389-9796 233 3403.  The other phone number was (225) 389-9796.

[3] Franklin account number 8043230 was placed by BellSouth in April 2005 and is referred to as the first BellSouth account. Franklin account number 9481928 was placed by BellSouth in March 2006 and is referred to as the second BellSouth account.

[4] Record document number 1, Complaint, ¶ 40.

failed to inform the credit bureaus to which it reported the debts that the debts were being disputed.  Plaintiff also alleged that Franklin committed unfair practices by attempting to collect on an unauthorized debt.  Plaintiff noted that Franklin was not a registered collection agency with the Louisiana Secretary of State at the time it attempted to collect her alleged debt and thus falsely represented itself as a debt collector vouched for, bonded by, or affiliated with Louisiana.

Plaintiff argued that the Franklin's actions violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and the Louisiana Collection Agency Regulation Act, LSA-R.S. 9:3576.1.  Plaintiff alleged that she incurred actual damages from the adverse credit notations in the form of denied credit and/or loans, an increase in the interest rate on her American Express credit card which resulted in actual damages of $950.58, and an inability to apply for a fixed rate loan on her home mortgage.  Plaintiff also sought damages for emotional distress resulting from the multiple credit denials, punitive damages in the amount of $10,000 pursuant § 1681n(a)(1)(B)(2), and additional damages totaling $2,000.00 pursuant to § 1692k(a)(2)(A) and § 1681n(a)(1)(A).

Franklin moved for summary judgment on all claims.

3

## **Summary Judgment Standard**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282

(5th Cir. 2001). Plaintiff's claims must be analyzed under the law governing the Fair Credit Reporting Act, the Fair Debt Collection Practices Act and the Louisiana Unfair Trade Practices Act.

## **Analysis**

**FCRA Claims**

Plaintiff alleged that Franklin was in violation of § 1681i(a)(5)(B)(i) for failing to issue a certificate of accuracy of information to Equifax.[5] Section 1681i applies solely to a consumer reporting agency (CRA). The FCRA defines a CRA as follows:

> The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.[6]

Franklin argued that it is not a CRA, and thus the plaintiff's claims under this statute should fail. Plaintiff offered no substantive argument to demonstrate that Franklin qualifies as a CRA.

The summary judgment evidence clearly shows that Franklin is

---

[5] Record document number 75, Second Amendment to Complaint, ¶ 33(n).

[6] Section 1681a(f); *See, Morris v. Equifax Information Services, LLC*, 457 F.3d 460, 470 (5th Cir. 2006).

5

a debt collector and it does not regularly furnish consumer reports for monetary fees, dues, or on a cooperative nonprofit basis. Accordingly, the plaintiff has not established that she has a claim against Franklin under § 1681i as a matter of law.

Plaintiff also alleged a claim under § 1681s-2(b), which imposes duties on furnishers of information to investigate disputed information and report the results of any such investigation to the CRA. Upon notification of the dispute pursuant to § 1681i(a)(2), the statute specifically requires a furnisher to:

    (A)   conduct an investigation with respect to the disputed information;

    (B)   review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

    (C)   report the results of the investigation to the consumer reporting agency;

    (D)   if the investigation finds that the information is incomplete or inaccurate, reporting those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)   if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

        (i)     modify that item of information;
        (ii)    delete that item of information; or
        (iii)   permanently block the reporting of that item of information.

Section 1681i(a)(2) states:

Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller. § 1681i(a)(2)(A)

Plaintiff claimed that in February 2006, both she and Equifax notified Franklin by letter that the BellSouth accounts were disputed. Plaintiff alleged that Franklin violated the statute by knowingly reporting erroneous information to the CRA.

Franklin argued its obligation as a furnisher under § 1681s-2(b) is only triggered by notice from the consumer reporting agency. Franklin argued that plaintiff does not have a claim under § 1681s-2 because this statute is not triggered by notice from a consumer and can only be enforced by a federal or state agency.[7]

Although the plaintiff asserted in her memorandum that Equifax notified Franklin pursuant to § 1681i(a)(2),[8] she has failed to provide substantive evidence supporting this claim. Plaintiff's reliance on Equifax's answer to Request for Production No. 8 is

---

[7] The Fifth Circuit has yet to determine whether a private cause of action exists against a furnisher of information under § 1681s-2(b). See: *Young v. Equifax Credit Information Services, Inc.*, 294, F.3d 631 (5th Cir. 2002). Because the record does not establish that Franklin received the requisite notification under the statute, it is unnecessary to determine this issue.

[8] Record document number 163, opposition memorandum, p. 5.

7

insufficient.[9]  While this answer indicates that a communication or correspondence possibly occurred between the Equifax and Franklin, it does not establish that such communication qualifies as a notification of the disputed debt pursuant to the statute. Plaintiff did not provide the documents referenced in the answer or provide the location of these documents in the record.  Without reviewing these documents, it cannot be determined whether the notice element of § 1681i(a)(2) had been satisfied.  Because the record is devoid of any evidence showing that Franklin received notice under § 1681i(a)(2), the plaintiff cannot establish a claim under § 1681s-2(b).

Plaintiff also alleged that, as a furnisher of information, Franklin violated § 1681s-2(a)(1)(B) because it failed to inform the credit bureaus that the validity of the debt was disputed by the plaintiff.[10]  Section 1681s-2(d) plainly limits the enforcement of violations of § 1681s-2(a) to "the Federal agencies and officials and the State officials identified in [§ 1681s]." Because the plaintiff is a private party, no relief is available to her under § 1681s-2(a).

Accordingly, the plaintiff's FCRA claim against Franklin fails as a matter of law.

---

[9] Record document number 111, Exhibit 5.

[10] Record document number 1, Complaint, ¶ 40.

**FDCPA Claims under Sections 1692e, 1692f, and 1692g**

Plaintiff sought recovery under § 1692e based on her allegation that Franklin supplied an incorrect date of first delinquency to Equifax on the second BellSouth account. Plaintiff claimed that on September 16, 2006 she received an Equifax credit report which showed that Franklin reported May 2005 as the date of first delinquency on this account. Plaintiff asserted that since Franklin admitted that BellSouth did not supply the date of first delinquency on this account, then Franklin supplied this date knowing that it was inaccurate. Plaintiff also argued that based on her payment history, the correct date of first delinquency would have been in January 2004.

Section 1692e(8) prohibits a debt collector from communicating to any person credit information which is known or which should be know to be false, including the failure to communicate that a debt is disputed. The evidence submitted by the plaintiff indicates that BellSouth advised Franklin that the "Date of Service" on the second account was May 2005.[11] Franklin failed to provide any evidence to establish that it reported a correct date of first delinquency on the second BellSouth account to Equifax.

Franklin argued that this claim has prescribed under § 1692k. Under this section an action to enforce liability under this

---

[11] Record document number 163, Exhibit 2, response to Request for Admission No. 3.

9

subchapter must be brought within one year from the date on which the violation occurred. Franklin has not provided any evidence to establish when the date of first delinquency on the second BellSouth account was reported. If it was reported after August 21, 2006, then a claim based on this act has not prescribed.

Franklin also asserted it is entitled to the bona fide error defense under the statute. Section 1692k(c) provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Franklin has not provided any evidence to establish that it attempted to obtain the correct date of first delinquency on the second BellSouth account or that it has implemented procedures to reasonably avoid such errors. The only evidence that Franklin provided regarding its procedures relates to debt verification letters.[12] Thus, Franklin has failed to establish that a genuine issue of material fact does not exist as to the plaintiff's claim under § 1692e(8) based on Franklin's reporting of an inaccurate date of first delinquency on the second BellSouth account to Equifax.

Plaintiff also asserted claims under §§ 1692e(8) and 1692f(1) based on the fact that she notified Franklin in February 2006 that

---

[12] Record document number 144, ¶¶ 14-15.

she did not owe BellSouth any money.[13] Plaintiff claimed that her letter was not limited to the first BellSouth account with Franklin. Plaintiff argued that Franklin should have flagged any additional collections from BellSouth and violated these statutes by reporting the collection of the second Franklin account in September 2006.

Plaintiff has failed to establish that her letter/complaint stating that she did not owe BellSouth any money put Franklin on reasonable notice that any future BellSouth accounts were disputed or inaccurate. This letter was sent to Franklin before it received the second BellSouth account.

Section 1692f(1) prohibits a debt collector from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Plaintiff has failed to show how this section is applicable to the facts of this case.

With respect to her claim under § 1692g(b), the plaintiff

---

[13] In her opposition memorandum the plaintiff specifically referenced her January 23, 2006 letter to Equifax. Record document number 163, p. 5. The letter is attached to her Second Amendment to Complaint. Record document number 75, exhibit P-8. Plaintiff also asserted in the Statement of Material Facts as to Which There Exists a Genuine Issue to be Tried that Franklin did not respond to the complaint she sent to it on February 1, 2006 until afer she file her civil action. Record document number 163-1, statement 6. However, the plaintiff did not submit a copy of this communication with her opposition memorandum or cite its location in the record. For the purpose of this motion, it is assumed that the plaintiff's statement about her complaint to Franklin is correct.

alleged that Franklin never sent her a verification of the first BellSouth debt after she notified Franklin of the dispute. Section 1692g(a) requires a debt collector to provide certain information concerning the debt within five days after the initially communicating with the consumer, unless the initial communication already contained this information. Section 1692(g)(b) states that if a consumer notifies a debt collector in writing within a 30-day period of receipt of the notice described above, the debt collector must "cease collection of the debt...until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or the name and address of the original creditor, is mailed to the consumer by the debt collector."

Franklin provided an affidavit from its employee Reggie Smith to establish that it initially sent a letter to the plaintiff on April 26, 2005.[14] Smith stated that the letter complied with § 1692g(a)(3) and contained language to notify the plaintiff that she had 30 days after receipt to dispute the validity of the debt. Plaintiff did not dispute receiving this letter. Assuming the plaintiff sent her letter of dispute to Franklin in February 2006, this letter was not sent within 30 days after receiving the initial notification sent by Franklin. Therefore, the plaintiff was not

---

[14] Record document number 144, affidavit of Reggie Smith, ¶ 4.

12

entitled to a verification of the debt from Franklin.[15]

In her complaint the plaintiff also argued that Franklin breached § 1692g(b) by sending two additional collection notices after receiving her letter of dispute. Again, the plaintiff is not entitled to any rights under § 1692g(b) because she failed to comply with the time requirements of this statute.

Finally, the plaintiff argued that Franklin violated § 1692e(1) by failing to register with the secretary of state as required in LSA-R.S. 9:3534.1. Plaintiff has failed to provide any evidence to show that during the collection process Franklin represented that it was vouched for, bonded by, or affiliated with the State of Louisiana. Even if Franklin was in breach of the Louisiana requirement at any time during the collection process, this fact alone does not establish a violation of § 1692(e). Plaintiff must show that Franklin made an active false representation of state affiliation.

## Recommendation

It is the recommendation of the magistrate judge that Franklin Collection Service, Inc.'s Motion for Summary Judgment be granted in part and denied in part. Summary judgment as to the claim

---

[15] The second account held by Franklin was established on March 21, 2006 and an initial notification letter was sent by Franklin to the plaintiff on March 22, 2006. Record document number 144, ¶¶ 11-12. Thus, the plaintiff's request for a debt verification sent in February 2006 could not have applied to the second account.

against Franklin for a violation of § 1692e(8), based on its failure to report an accurate date of first delinquency on the second BellSouth account to Equifax, should be denied.  Summary judgment on all other claims against Franklin under the Fair Debt Collections Practices Act and the Fair Credit Reporting Act should be granted dismissing those claims.

   Baton Rouge, Louisiana, March 30, 2010.

                                   _____
                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE