UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY WAGNER

VERSUS

BELL SOUTH COMMUNICATIONS,
INC., ET AL

CIVIL ACTION

NO. 07-604-BAJ-DLD

## RULING AND ORDER

This matter is before the Court pursuant to a Motion for Summary Judgment filed by Defendant, Franklin Collection Service, Inc. ("Franklin" or "Defendant") (doc. 255). Plaintiff, Emily Wagner ("Plaintiff"), opposes Defendant's motion (doc. 257). This suit is brought under the provisions of 28 U.S.C. § 1332.

## BACKGROUND

Plaintiff filed this action seeking damages resulting from a billing dispute with BellSouth Telecommunications, Inc. (hereafter, BellSouth). Plaintiff alleges that she received telephone services from BellSouth starting in 1992 and called BellSouth to cancel all her services in August 2003 (Compl. ¶ 11). However, rather than cancelling her services as requested, BellSouth allegedly changed her pre-existing 1-800 line into a "Z account" and also created a second account, from one of her other two phone lines (Compl. ¶ 18-20). Plaintiff alleged that BellSouth continued to bill her for the unauthorized phone services until July 2005 (Compl. ¶ 22). Plaintiff did not pay these bills, and BellSouth subsequently

referred the accounts to collection agencies beginning in February 2004 (Compl. ¶ 22). Plaintiff alleged she was denied credit in May 2005, November 2005, and April 2006 (Compl. ¶ 26).

Plaintiff discovered that the unpaid BellSouth accounts had been reported to multiple credit reporting agencies and was listed as adverse notations on her credit reports (Compl. ¶ 26). Plaintiff requested credit reports from the named major credit reporting agencies each time she was denied credit or notified that her interest rate was being increased due to "adverse notations" in her credit file (Compl. ¶ 26). BellSouth allegedly assigned two of Plaintiff's outstanding accounts to Defendant Franklin Collection Service, Inc. (hereafter, Franklin). In each of the eight credit reports Plaintiff received, the only negative information listed in the reports described collection actions from BellSouth collection agencies (Compl. ¶ 26).

Plaintiff disputed the two collections by Alpat and Franklin. Plaintiff alleges that on February 1, 2006 she sent a letter to Franklin disputing the debt(s) and requested verification of the debt(s) as required under 15 U.S.C. § 1692g(b) (Compl. ¶ 39). Plaintiff further asserts that Franklin did not provide the requested debt verification information and sent two additional collection notices after receiving her dispute letter (Compl. ¶ 40). Plaintiff also alleges that Franklin failed to inform the credit bureaus to which it reported the debts that the debts were being disputed (Compl. ¶ 40). Plaintiff also alleges that Franklin committed unfair practices by attempting to collect on an unauthorized debt (Compl. ¶ 40).

2

Subsequently, Equifax removed the negative information as reflected on the May 1, 2006 Equifax report (Compl. ¶ 29).

Plaintiff argues that Franklin's actions violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and the Louisiana Collection Agency Regulation Act, LSA-R.S.9:3576.1(Compl., at 13-14). Plaintiff alleges that she incurred actual damages from the adverse credit notations in the form of denied credit and/or loans, an increase in the interest rate on her American Express credit card which resulted in actual damages of $950.58, and an inability to apply for a fixed rate loan on her home mortgage (Compl., at 13-14). Plaintiff also sought damages for emotional distress resulting from the multiple credit denials, punitive damages in the amount of $10,000 pursuant § 1681n(a)(1)(B)(2), and additional damages totaling $2,000 pursuant to § 1692k(a)(2)(A) and §1681n(a)(1)(A) (Compl., at 13-14).

Franklin moved for summary judgment on all claims (doc. 143). On March 30, 2010, the U.S. Magistrate Judge issued a Report and Recommendation regarding the Motion for Summary Judgment filed by Franklin (doc. 220). On June 8, 2010, Chief Judge Ralph E. Tyson issued a ruling adopting the Report and Recommendations of the U.S. Magistrate Judge (doc. 230). Accordingly, Franklin's Motion for Summary Judgment was granted in part and denied in part. Summary judgment as to the claim against Franklin for a violation of § 1692e(8), based on its failure to report an accurate date of first delinquency on the second

3

BellSouth account to Equifax, was denied (doc. 220, at 13-14). Summary judgment on all other claims against Franklin under the Fair Debt Collections Practices Act and the Fair Credit Reporting Act was granted, dismissing those claims (doc. 220, at 13-14).

## ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

4

I. PRESCRIPTION

Under Louisiana law, prescription begins to toll when the plaintiff becomes aware of the general facts or circumstances that constitute a tort action against them, be it actual or constructive knowledge. La. Civ. Code arts. 3492, 3493 (2012); *See Babineaux v. Louisiana Dep't of Transp. & Dev.*, 927 So.2d 1121, 1123 (La. App. 1st Cir. 2005); *Barber v. Employers Ins. Co. of Wausau*, So.3d, 2011-0357 (La. App. 1 Cir. 6/28/12). Absolute knowledge of the harm is not a prerequisite for the running of prescription, but rather, constructive knowledge exists when the plaintiff "possesses information sufficient to incite curiosity . . . or put a reasonable person on guard to call for inquiry". *Id.*; *See also Oil Ins. Ltd. v. Dow Chem. Co.*, 977 So.2d 18, 23 (La. App. 1st Cir. 2007); *Terrel v. Perkins*, 704 So.2d 35, 39 (La. App. 1 Cir. 11/7/97).

Moreover, in the absence of evidence indicating a specific date of injury, "the objection of prescription must be decided on the facts alleged in the petition". *Bracken v. Payne and Keller Co., Inc.*, 970 So.2d 582, 587 (La. App. 1st Cir. 9/5/07); *Putman v. Quality Distribution, Inc.*, 77 So.3d 318 (La. App. 1 Cir. 9/30/11); *Daisey v. Time Warner*, 761 So.2d 564, 567 (La. App. 1st Cir. 11/5/99).

A. FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) CLAIM

Plaintiff's claim against Franklin Collection Service has prescribed under § 1692k of the Fair Debt Collection Practices Act. Under section 1692k, an action to enforce liability under this subchapter must be brought within one year from the date on which the violation occurred. Here, Plaintiff seeks recovery under

5

section 1692e based on her allegation that Franklin supplied an incorrect date of first delinquency to Equifax on the second BellSouth account (Compl. ¶ 38). Franklin, however, has provided evidence to establish that the date of first delinquency on the second BellSouth account was reported on June 26, 2006 (doc. 255-2 ¶ 12.1). If the date of first delinquency was reported before August 21, 2006, and Plaintiff brought suit on August 21, 2007, then a claim based on this act has prescribed.

Plaintiff asserts that her action should not be prescribed because she had no way of knowing that Franklin was reporting false information about her. The Court disagrees. Absolute knowledge is not a prerequisite for the running of prescription and there is ample evidence that the Plaintiff had, at least, constructive knowledge of Franklin's actions. First, Plaintiff requested multiple credit reports from major reporting agencies as early as May 2005. Plaintiff has asserted that each report listed Franklin Collection Service and she disputed the debt by sending a letter to Franklin on February 1, 2006. Even after Plaintiff's letter, she asserts that Franklin did not provide the debt verification information she requested. These facts are sufficient to give Plaintiff constructive knowledge that Franklin may have been falsely reporting information against her.

Second, Plaintiff asserts that Franklin sent two additional collection notices after receiving her dispute letter. These letters are arguably actual notice that Franklin was falsely reporting negative credit information. Therefore, Plaintiff had constructive knowledge and likely, actual knowledge of Franklin's actions nearly

6

six months prior to the end of her prescriptive period. Because of these facts, Plaintiff has failed to establish lack of knowledge of Franklin's adverse actions against her and her claim is prescribed under law.

### B. *CONTRA NON VALENTEM* CLAIM

Although La. C.C. art. 3467 provides that "prescription runs against all persons unless exception is made by legislation", the Supreme Court of Louisiana has adopted the "strictly construed", jurisprudential doctrine of *contra non valentem* as an exception. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009). Accordingly, the Court has recognized four factual situations for application of *contra non valentem*:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
> (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 10/19/10) (quoting *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034 (La. 1987)); *Causby v. Perque Flooring Covering*, 707 So.2d 23, 25 (La. 1998).

7

Plaintiff asserts that her case should not be prescribed and invokes the fourth prong of *contra non valentem* in equity. Here, Plaintiff cannot assert *contra non valentem* because her cause of action was either known or reasonably knowable. Plaintiff's argument that her cause of action was not reasonably knowable prior to September 2006 is without merit. According to the record, prior to September 2006, Plaintiff: 1) saw Franklin and other collection companies repeatedly listed in adverse notations on eight credit reports, 2) knew that Franklin sent two additional collection notices after receiving her dispute letter, and 3) had numerous bill collectors allegedly harass and intimidate her.

Plaintiff's assertions show that her cause of action was reasonably knowable. Even if Plaintiff had no way of definitively knowing which entity to pursue, a reasonable person would diligently investigate which entity submitted the false information. Even though Plaintiff argues that she received one credit report without collection accounts in May of 2006, she still had eight prior credit reports with negative notations. The cumulative nature of the events made it reasonably knowable that Plaintiff may have had a cause of action against multiple entities. The Court holds that *contra non valentem* does not apply as an equitable remedy under these facts.

Plaintiff has failed to allege sufficient facts in support of her claim. In the absence of an established exception, this action has prescribed under § 1692k of

8

Case 3:07-cv-00604-BAJ-SCR   Document 262   09/25/12   Page 8 of 9

the Fair Debt Collection Practices Act, and Defendant is entitled to judgment as a matter of law.[1]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (doc. 255) is **GRANTED**.

Baton Rouge, Louisiana, September 24, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] The Court disregards Plaintiff's argument that the libel liberative prescription period should apply because libel is not a cause of action in this case.

9